

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| MATTHEW DOUGLAS ROLLINS,   §<br>        Plaintiff,   §<br>   §<br>vs.   §       Civil Action 9:23-2900-MGL<br>   §<br>COMMISSIONER OF SOCIAL SECURITY   §<br>ADMINISTRATION,   §<br>        Defendant.   § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND AFFIRMING THE DECISION OF DEFENDANT**

This is a Social Security appeal in which Plaintiff Matthew Douglas Rollins (Rollins) seeks judicial review of the final decision of Defendant Commissioner of Social Security Administration (the Commissioner) denying his claim for supplemental security income (SSI).

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court affirm the Commissioner's decision. The Report was made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or

recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court, however, need not conduct a de novo review "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on July 31, 2024. Rollins filed his objections on August 15, 2024, and the Commissioner filed his reply on August 23, 2024. The Court has reviewed Rollins's objections but holds them to be without merit. It will therefore enter judgment accordingly.

Rollins filed his application for SSI on November 18, 2019. He contends his disability commenced on December 1, 2015. The Commissioner denied his claim initially and upon reconsideration.

On June 17, 2020, Rollins requested a hearing before an Administrative Law Judge (ALJ). The ALJ conducted a hearing and held Rollins failed to show he was disabled under the Social Security Act.

On April 18, 2023, the Appeals Council denied Rollins's request for review of the ALJ's decision. Rollins then filed this action for judicial review.

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in Appendix I of 20 C.F.R. part 404, subpart P; (4) whether the claimant has the residual functional capacity (RFC) to perform the requirements of his past relevant work; and, if so, (5) whether the claimant is able to perform

any other work considering his RFC, age, education, and work experience.  20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

It is the plaintiff's duty both to produce evidence and to prove he is disabled under the Social Security Act.  *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).  Nonetheless, the ALJ is to develop the record, and when he "fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded."  *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980).

It is also the task of the ALJ, not this Court, to make findings of fact and resolve conflicts in the evidence.  *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  "It is not within the province of this [C]ourt to determine the weight of the evidence; nor is it [the Court's] function to substitute [its] judgment for that of [the defendant] if [the] decision is supported by substantial evidence."  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966), *overruled by implication on other grounds by Black & Decker Disability Plan v. Nord*, 538 U.S. 822 (2003).  In other words, the Court "must sustain the ALJ's decision, even if [the Court] disagree[s] with it, provided the determination is supported by substantial evidence."  *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).  Under the substantial evidence standard, the Court reviews the entire record as a whole.  *Hanes v. Celebrezze*, 337 F.2d 209, 214 (4th Cir. 1964).

Although the ALJ must sufficiently explain the reasons for his ruling to allow this Court to provide meaningful review, *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013), "the ALJ is not required to address every piece of evidence . . . . [Instead,] he must build an accurate and logical bridge from the evidence to his conclusion."  *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000) (first citing *Green v. Apfel*, 207 F.3d 780, 780 (7th Cir. 2000); and then citing *Groves v. Apfel*, 148 F.3d 809, 811 (7th Cir. 1998)).  The Court's "general practice, which [it] see[s] no reason to depart

from here, is to take a lower tribunal at its word when it declares that it has considered a matter." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005).

"[T]he substantial evidence standard 'presupposes . . . a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.'" *Clarke v. Bowen*, 843 F.2d 271, 272–73 (8th Cir. 1988) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). Put differently, if the ALJ's "dispositive factual findings are supported by substantial evidence, they must be affirmed, even in cases where contrary findings of an ALJ might also be so supported." *Kellough v. Heckler*, 785 F.2d 1147, 1149 (4th Cir. 1986).

For the most part, Rollins has failed to present any specific objections to the Report. His objections mostly amount to general disagreements with the findings of the Magistrate Judge and merely repeat claims the Magistrate Judge properly considered, addressed, and rejected. Inasmuch as the Court agrees with the Magistrate Judge's detailed treatment of those claims in her well-written and comprehensive Report, it is unnecessary to repeat the discussion here. Nonetheless, in an abundance of caution, the Court has construed three objections it will address in turn.

First, Rollins contends the Magistrate Judge fails to adequately explain how the ALJ accounted for certain gastrointestinal issues in his RFC evaluation. Objections at 2. Rollins avers the Magistrate Judge "fail[ed] to respond to [his] argument that the ALJ's reference to experiencing diarrhea 'at times' is vague and fails to explain why [he] would not need to be close to the bathroom 'at times' during the workday." *Id.* Specifically, Rollins notes, although the infusion used to treat his Chron's disease works well, it induces more frequent bouts of diarrhea, and he experiences fatigue and weakness approximately one week before and after the infusion. *Id.*

4

Like the Magistrate Judge, the Court concludes "the ALJ evaluated the evidence, which showed [Rollins] did not consistently experience gastrointestinal symptoms associated with Crohn's disease[] and included those limitations in the RFC assessment that were supported by the record." *Id.* at 17; *id.* at 5. The ALJ considered Rollins's "complaints from the hearing, including that he experienced back pain, swollen knees, and sore joints as a result of his Crohn's disease and medications, . . . . [and that] he experienced cramping and diarrhea every other day." *Id.*

The ALJ, however, weighed those complaints against treatment records regarding the infrequency of his gastrointestinal symptoms and the evident success of his medicated infusions. *Id.* at 16–17. The Court will therefore overrule this objection.

Next, Rollins objects to the Report in that it "fails to show how the ALJ considered [all] findings in analyzing [his] mental health symptoms and their effects on his ability to work." Objections at 5. Rollins contends the ALJ's analysis ignored certain findings, including "Rollins'[s] own frequently reported health symptoms, a physician's notation that he was anxious, a referral to a mental health clinic for mood problems and anxiety, ineffective medications, and observations of depressed mood, impaired remote memory, and impaired concentration." *Id.* at 4–5 (citations omitted). Although the Magistrate Judge stated she "was able to cross the logical bridge from the evidence to the ALJ's conclusion[,]" *id.* at 5, Rollins insists the Magistrate Judge was unable to remedy the ALJ's failure to "present [the Court] with findings and determinations sufficiently articulated to permit meaningful judicial review." *Id.* at 6 (quoting *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983)).

This is the same argument made to, and rejected by, the Magistrate Judge. Plaintiff's Brief at 11–16; Report at 7–15. In determining Rollins's mental impairments were non-severe, the ALJ considered his remote memory issues, depressed mood, anger issues, mildly impaired

5

concentration, episodes of anxiety, interval panic attacks, and diagnoses of major depressive disorder and generalized anxiety disorder.  A.R. at 17–18.

To the extent the ALJ failed to expressly reference in his decision the ineffectiveness of Rollins's medication and his referral to a mental health clinic, the ALJ stated he considered all the evidence.  *Id.* at 15–16; *see Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) ("[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision[.]" (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005))).  Indeed, the ineffectiveness and referral were inconsequential inasmuch as Rollins later claimed to be doing well, reported improvement, and denied experiencing any panic attacks or symptoms of depression.  A.R. at 18; Report at 9–10, 21–22.

The Court takes the ALJ at his word and concludes his decision was based on the entire record and supported by substantial evidence.  *Hackett*, 395 F.3d at 1173.  The Court will therefore overrule this objection, as well.

Finally, Rollins argues the Magistrate Judge erred in ignoring the ALJ's "fail[ure] to properly consider evidence [supporting Advanced Practice Registered Nurse Janice] Reynolds's [(Reynolds)] opinion that he was significantly limited in a number of different areas of mental functioning . . . ."  Objections at 6–7.  Rollins asserts neither the ALJ nor the Magistrate Judge considered the importance of his subjective reports in analyzing the severity of his mental health symptoms.  Such reports, according to Rollins, include those reflecting panic attacks, low energy, decreased motivation, increased irritability and anxiety, depressed mood, feelings of worthlessness and emptiness, and the occurrence of outbursts two to three times weekly.

This is yet another argument made to, and rejected by, the Magistrate Judge.  Plaintiff's Brief at 22–23; Report at 10–16, 21–23.  It is unnecessary for the Court to spill significant ink

restating the lengthy, detailed, well-written, and comprehensive analysis undertaken by the Magistrate Judge of the ALJ's summary of Reynolds's opinion under the supportability and consistency analysis. Report at 18–23. All that matters is the ALJ properly evaluated the opinion evidence of Reynolds to arrive at the reasonable conclusion her opinion was unpersuasive. Rollins's objection requests this Court to go beyond the purview of substantial evidence review and re-weigh the record evidence, which it is unable to do. *Laws*, 368 F.2d at 642.

Moreover, the ALJ properly considered the importance of Rollins's subjective reports in analyzing the severity of his mental health symptoms. A.R. at 17–18, 21. The Court agrees with the Magistrate Judge that, "to the extent the ALJ did not fully recount the evidence as [Rollins] may have preferred or did not mention evidence, the mere omission of some evidence does not require remand." Report at 22. Accordingly, the Court will also overrule this objection.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Rollins's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 9th day of September 2024, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE